IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALAN MUSCH, on behalf of himself
and all others similarly situated,

                                                 OPINION AND ORDER

                        Plaintiff,

                                                 07-cv-524-bbc

     v.

DOMTAR INDUSTRIES, INC.,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On October 23, 2008, I granted defendant Domtar Industries, Inc.'s summary judgment motion regarding plaintiff Alan Musch's claims that defendant violated the Fair Labor Standards Act and Wisconsin labor laws by not compensating its maintenance employees for all "work" time. Dkt. #122. On October 28, 2008, judgment was entered in favor of defendant. Dkt. #123. On November 3, 2008, plaintiff filed a motion under Fed. R. Civ. P. 60(b), dkt. #124, requesting partial reconsideration of relief from the court's summary judgment order.

       Rule 60(b) authorizes a court to grant relief from judgment or a final order when a party brings a motion based on one of six specific grounds listed in the rule. Fed. R. Civ. P.

1

60(b); see also United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1992) (explaining that Rule 60(b) motions "must be shaped to the specific grounds for modification or reversal found in 60(b)— they cannot be general pleas for relief"). Specifically,

> the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff does not specify which of the six grounds is applicable to his motion. A review of plaintiff's contentions suggests that he is attempting to proceed on grounds two and six.

Plaintiff has newly discovered evidence in the form of deposition testimony from defendant's expert Kay Rowntree. He contends that the deposition demonstrates that plaintiff and other similarly situated maintenance employees must shower at the end of their work shift. Regardless of the merits of the contention, plaintiff has failed to show that evidence supplied by Rowntree could not have been discovered before the summary judgment deadline or before the court issued its order on defendant's motion for summary judgment. Plaintiff filed his responsive brief to defendant's summary judgment motion on August 18, 2008 and plaintiff did not depose Rowntree until September 5, 2008. As of June

2

13, 2008, plaintiff knew that summary judgment motions were due no later than July 30, 2008 and that any responses to a summary judgment motion would be due by August 15, 2008. It was up to plaintiff to have all evidence necessary to pursue or defend a summary judgment motion by those dates. If plaintiff believed that deposing defendant's expert would produce evidence pertinent to a summary judgment motion, he should have scheduled the deposition well before the close of discovery.

Further, plaintiff received the transcript of Rowntree's deposition on October 4, 2008, 20 days before the order granting defendant's summary judgment motion was issued. Had plaintiff believed that Rowntree's deposition revealed new evidence that would change the outcome of defendant's summary judgment motion, he could have filed a motion requesting permission to file a sur-reply.

Plaintiff has failed to establish that he could not discover the evidence in Rowntree's deposition had he exercised reasonable diligence either before plaintiff's summary judgment response deadline or the issuance of the court's summary judgment order. Therefore, plaintiff's motion fails under Rule 60(b)(2).

Plaintiff also contends that defendant's summary judgment motion should not have been granted regarding shower time because enough evidence existed to raise a genuine issue of material fact with respect to whether plaintiff and all other similarly situated maintenance employees had to shower at the end of their work shifts. The only possible ground on which

3

plaintiff can be attempting to proceed on for this contention is Rule 60(b)(6), that is, "any other reason that justifies relief."

Relief under Rule 60(b)(6) is extraordinary and requires a showing of exceptional circumstances, none of which have been shown to exist in this case. See, e.g., Kagan v. Caterpillar Tractor Co., 795 F.2d 601 (7th Cir. 1986); Andrews v. Heinold Commodities, Inc., 771 F.2d 184 (1985). Instead of presenting exceptional circumstances, plaintiff has merely restated the contention he made on summary judgment, which was that he had proposed sufficient facts for a reasonable jury to determine that plaintiff and all other similarly situated maintenance employees had to shower at the end of their work shifts. Plaintiff reiterates that some of the deposition testimony he provided establishes that some employees were aware of having chemicals on themselves at the end of their shifts and that they were not simply speculating. Plaintiff's contention failed on summary judgment. It fares no better on reconsideration because "[a] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004).

Moreover, plaintiff misconstrues this court's October 24, 2008 holding. The fact that employees could only speculate as to what chemicals might be on their skin at the end of a shift was part of the reason for granting defendant's motion with respect to shower time, but it was not the only reason. In his motion for reconsideration, plaintiff ignores the

4

undisputed fact that defendant has a policy that its maintenance employees must shower immediately if their skin is exposed to any hazardous chemicals and employees are paid for any time spent changing and showering in response to such an exposure. Dkt. #122, at 18. Therefore, if a maintenance employee knows that his skin has been exposed to a hazardous chemical he is required to immediately shower and change and he is paid for such time. This conclusion is not affected even in light of the portions of deposition testimony that plaintiff cites in his motion for reconsideration. Except for Rowntree's, all of these depositions were before the court when it was considering defendant's summary judgment motion. Accordingly, plaintiff's motion will be denied.

ORDER

IT IS ORDERED that plaintiff Alan Musch's motion for reconsideration, dkt. #124, is DENIED.

Entered this 3rd day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge